| | |
|---|---|
| LATISHA CYPRIAN, D.N., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MODESTO CITY SCHOOLS, DOES I-X,<br><br>Defendant. | No. 2:17-cv-244-KJM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Latisha Cyprian seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As explained below, plaintiff's complaint fails to state a claim and must be dismissed.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---
[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff Latisha Cyprian brings this action against the "Modesto City Schools" on behalf of herself and her deceased minor child, D.N. ECF No. 1. The complaint alleges that D.N. was a student at Beyer High School in Modesto, California, and in January 2015, she was involved in an altercation involving two other students. ECF No. 1 at 3. As a result of the altercation, D.N. was suspended from school for five days. *Id.* at 4. Cyprian was subsequently notified that D.N. would not be permitted to return to school and would have to enroll at a different high school. Shortly after D.N.'s transfer to Downey High School in January 2015, a fight occurred at the school. Despite denying any involvement in the fight, D.N. was suspended and notified that she would not be able to remain at Downey High School. According to the complaint, on February 6, 2015, "D.N. died of an accidental overdose of over-the-counter antihistamine (allergy) medicine that could have been prevented if not home on an excessive disciplinary action of suspension from school." The complaint indicates that the death was related to difficulties D.N. experienced at school.

The complaint purports to assert five causes of action brought pursuant to 42 U.S.C. § 1983 and the Fair Housing Act ("FHA"), 42 U.S.C. § 3617. They are styled as: (1)"Failure to Protect and Supervise," (2) "Excessive Discipline," (3) "failure to follow suspension/expulsion/transfer procedure," (4) "coercion," and (5) "failure to hold state mandatory suspension/expulsion hearing." *Id.* at 3-12.

As a threshold matter, plaintiff Latisha Cyprian attempts to bring this suit on her own behalf and on behalf of her deceased child, D.N. There is no indication from the record that Ms. Cyprian is an attorney. Unless she is an attorney, she may not represent the interest of D.N.'s estate. *See Johns v. County of San Diego*, 114 F.3d 874, 876–877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another). Accordingly, Ms.

Cyprian may only assert claims on her own behalf. Any claim brought on behalf of D.N. or her estate must be dismissed without prejudice.

More significantly, the claims asserted against the Modesto City School District for violation of 42 U.S.C. §§ 1983 and the FHA are barred by the Eleventh Amendment. The Eleventh Amendment protects states, state agencies, and "arms of the state" from liability absent a clear waiver or consent to suit. *Quern v. Jordan*, 440 U.S. 332, 337-345 (1979). It is well-established that school districts in California are arms of the state entitled to immunity under the Eleventh Amendment. *Sato v. Orange County Dept. of Edu.*, 861 F.3d 923, (9th Cir. 2017). Consequently, plaintiff cannot state a claim against the Modesto City School District under 42 U.S.C. § 1983 or the FHA. *Id*. (California school districts are "arms of the state and . . . enjoy Eleventh Amendment immunity" in § 1983 actions); *Kalai v. Hawaii*, 2008 WL 3874616, at 2-3 (D. Haw. Aug. 20, 2008) ("Plaintiff's FHA claims seeking damages against Defendant are barred by the Eleventh Amendment."); *Karbusheva v. Redwood Apartments*, 2014 WL 6845848, at * (D. Idaho Dec. 3, 2014) (finding that state sovereign immunity is not abrogated by the FHA, and therefore states are entitled to immunity under the Eleventh Amendment).

Lastly, a review of the court's docket reflects that this action is duplicative of another action plaintiff filed, through counsel, in the Fresno division of this court. *See Neil v. Modesto City Sch. Dist.*, 1:17-cv-256-LJO-SKO (E.D. Cal). Given that plaintiff is represented by counsel in that other action, leave to amend the complaint in this duplicative action is inappropriate. "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

Accordingly, IT IS ORDERED that plaintiff Latisha Cyprian's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE